ROBERT L. BLAND, Judge.
In 1937 the state road commission made a change in the location of the highway known as U. S. route No. 250, about six miles east of the city of Fairmont, in Marion county, West Virginia. In the course of grading, paving and otherwise improving said road, a deep cut was made through a tract or parcel of land, the surface of which was owned by Oscar Little. The road commission obtained a deed from said Little for the right to make said change in said location of said road. The said deed is recorded in the office of the clerk of the county court of said Marion county in deed book 332 at page 203. The land owned by Little was formerly owned by claimant James Lanham. When Lanham conveyed to Little he excepted and reserved one-half interest in the Pittsburgh vein or seam of coal on said land, with necessary mining rights to mine and remove the same. Lanham had the coal so reserved properly entered for taxation and has regularly paid the taxes *199 thereon. He has made no conveyance of any part or interest in the coal reserved and is the owner thereof at the present time. The road commission paid Little, the owner of the surface and one-half interest in the coal, the sum of $900.00 for the right of way executed by him and for damages. No title was secured by the state from Lanham.
Claimant Lanham made a claim against the road commission for 4,500 tons of coal taken from the land in the course of the work done on the highway. A survey was made by engineers of the road commission to determine whether or not the number of tons claimed by Lanham was correct. The reports of the engineers show that there was approximately 5,500 tons of coal removed. They agree that 4,500 tons is a fair estimate.
The road commission agreed to pay claimant, in full settlement of his demand, the sum of $450.00. He accepted the proposition. The state road commission therefore concurs in Lanham’s claim for that amount. An assistant attorney general approves the setlement. We are of opinion from the showing made by the record that the claim is jus' and meritorious.
It appears from the record of the case that out of appropriation heretofore made by the Legislature there is money to the credit of the road commission available for the payment of the claim.
An award is therefore now made in favor of claimant, James G. Lanham, for the sum of four hundred and fifty dollars ($450.00), payable out of the appropriation made for the state road commission for the current biennium.